# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

9991-1

| | |
|---|---|
| **IN RE:** <br><br> **LEONARDO PORTELA TORRES** <br><br> **Debtor** | **CASE NO. 10-11246(ESL)** <br><br> **CHAPTER 11** |

## ADDENDUM TO MOTION REQUESTING DISMISSAL

**TO THE HONORABLE BANKRUPTCY COURT:**

 **COMES NOW** Maria Isabel Blanco Garrido, for her and in representation of her two minor children, ("Mrs. Blanco" or "Creditor"), by its undersigned counsel, hereby States and Prays as follows:

 1. On January 28, 2011 the herein moving party filed a Motion Requesting the Dismissal of the above captioned case. (Dkt. No. 31). Among the reasons presented in support for said request was that Debtor had not paid his child support obligation, after the filing of his bankruptcy petition, and that therefore his case should be dismissed in accordance with 11 USC 1112 (b) (1).

 2. On the hearing date to consider the aforesaid motion Debtor appeared with evidence of having realized a $38,700.00 payment for his child support obligation. That in view of the aforesaid Debtor requested from this Honorable Court to find him in compliance with the aforesaid bankruptcy law requirement.

 3. The reality is that Debtor never complied with his obligation, but he merely took advantage of a donation made by a relative of his children so that they could keep on studying (school payment) and that one of his children could

1

graduate from Colegio San Ignacio. First, the relatives donation to Debtor's children should not be considered as a payment towards the child support obligation of Debtor. The funds could have been donated to Debtor and he instead could have used them to pay his child support obligation but that was not the case. Upon his own admission the $38,700.00 dollars payments are funds donated by a relative to Debtor's children. Debtor admits that he had no funds for making his child support obligation payment (See Exhibit 1). Therefore, as he is not making his payments, this case should be dismissed.

4.  Second, even if it could be considered a payment by Debtor, which we sustain it is not, it shows Debtor's unwillingness to comply with the State Court Order and the reality that he will not be able to comply with future payments to his child support obligation.

**WHEREFORE**, it is hereby respectfully requested that an order be entered accepting this Motion as an addendum to our Motion to Dismiss filed on January 28, 2011 and that the above captioned case be therefore dismissed.

**CERTIFICATE OF SERVICE:** I **hereby certify,** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: **Debtor's Attorney Winston Vidal-Gambaro, Esq.,** PO Box 193673, San Juan, Puerto Rico 00919-3673 and the Assistant US Trustee, and all participants of CM/EMF.

In San Juan, Puerto Rico this 1st day of April of 2011.

*LATIMER, BIAGGI, RACHID & GODREAU*
*PO BOX 9022512*
*SAN JUAN, PR 00902-2512*
*TEL. (787) 724-0230*
*FAX. (787) 724-9171*

*/s/ F. David Godreau-Zayas*
*USDC NO. 123207*

G:\ZORALBA\Leonardo Portela vs. Maria Blanco\Addendum to Motion Requesting Dismissal.doc

ESTADO LIBRE ASOCIADO DE PUERTO RICO
**TRIBUNAL DE PRIMERA INSTANCIA
CENTRO JUDICIAL DE BAYAMÓN**
SALA DE FAMILIA Y MENORES

| | |
|---|---|
| LEONARDO PORTELA TORRES et al<br><br>Demandantes<br><br>v.<br><br>MARÍA ISABEL BLANCO GARRIDO, et al<br><br>Demandados | CIVIL NÚM. DDI2005-0748 (4005)<br><br><br>SOBRE:<br><br><br>DIVORCIO |

## MOCIÓN EN CUMPLIMIENTO DE ORDEN

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante, por conducto de la representación legal que suscribe, y muy respetuosamente ante este Honorable Tribunal de Primera Instancia, **EXPONE** y **SOLICITA:**

1. En ocasión del 3 de marzo de 2011 este Honorable Tribunal de Primera Instancia emitió una *Orden* instruyendo a la parte demandante a "...consignar la deuda con los Colegios de los menores."

2. Sírvase en tomar conocimiento este Ilustre Foro Judicial que en ocasión del 12 de marzo de 2011 se depositaron en la cuenta de ASUME la suma de $38,700.00.

3. Dicho depósito pudo hacerse gracias a una donación graciosa que hicieran los tíos abuelos de los menores para garantizar que éstos puedan continuar estudiando y en el caso de Juan Carlos Portela que este pueda graduarse del Colegio San Ignacio.

4. Dicho pago no hubiese podido llevarse a cabo de no haber sido por esta donación de los tíos abuelos de los menores, toda vez que el señor Portela es incapaz de pagar la pensión que tiene vigente.

LEONARDO PORTELA, ET AL V. MARÍA ISABEL BLANCO — DDI 2005-0748 (4005)

MOCIÓN EN CUMPLIMIENTO DE ORDEN

**POR TODO LO CUAL**, muy respetuosamente se solicita de este Honorable Tribunal de Primera Instancia que **TOME** conocimiento de todo lo antes indicado, **DÉ** por cumplida la *Orden* emitida; y **HAGA** cualquier otro pronunciamiento que en derecho entienda meritorio.

**RESPETUOSAMENTE SOMETIDA.**

**CERTIFICO,** haber remitido copia del presente escrito a la **Lcda. Rina Biaggi**, Urb. Floral Park, 406 Calle Padre Rufo, San Juan, Puerto Rico, 00917.

En Guaynabo, Puerto Rico, hoy viernes, 25 de marzo de 2011.

**IGUINA-OHARRIZ**
Abogado de la Parte Demandante
PO Box 366603
San Juan, Puerto Rico 00936-6603
Tel. (787) 641.5012
Fax. (787) 641-5016
E-Mail: ciguina@iguinaoharriz.com

**LCDO. CARLOS R. IGUINA OHARRIZ**
Colegiado Núm. 12391

2