## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

9931-1

| | |
|---|---|
| IN RE: | CASE NO. 10-11246(ESL) |
| LEONARDO PORTELA TORRES | CHAPTER 11 |
| Debtor | |

## MOTION TO STRIKE MOTION IN COMPLIANCE WITH ORDER

**TO THE HONORABLE COURT:**

**COMES NOW** María Isabel Blanco Garrido, for her and in representation of her two minor children, ("Mrs. Blanco" or "Creditor"), by its undersigned counsel, hereby state and pray as follows:

1-    On January 28th, 2011, the herein moving party filed a motion to dismiss the above captioned case. This Honorable Court heard the arguments of the parties and at the end of the hearing requested from this party to provide within five (5) days a certified translation of a document to which the parties had made reference during the hearing. At the same time the Court allowed Debtor a ten (10) days term to provide copy of any document related to the one that we were to file.

2-    On March 14, 2011, the herein moving party complied with this Honorable Court by filing a motion entitled Motion In Compliance With Order. Within the term allowed by this Honorable Court Debtor also filed a motion

1

entitled Motion In Compliance With Order attaching several documents to their motion.

3-    It is the herein moving party's contention that the aforesaid motion should be stricken from the record due to the following arguments:

A)    The documents presented to the Court were in the Spanish Language.

All of the documents presented by debtor in support of his motion are in the Spanish Language. It has been held that no federal court should accept documents that are not in the English Language. See: *U.S. vs. Rivera Rosario; 300 F.3d1(2002); Puertorricans for Puerto Rico vs. Dalmau; 544 F.3d 58(2008); See also:  48 USCA § 864.* In addition requiring María Blanco to submit her documents in English (In compliance with the Law) while accepting debtor's documents in Spanish creates a double standard that should not be allowed. María Blanco is the person who represents her children who are owed by Debtor substantial amounts of money. It would certainly be unfair to require from her to pay translations to the English language while granting Debtor nothing short of a free ride.

We would also like to bring to the attention of this Hon. Court the fact that all documents attached to debtor's opposition to our Motion to Dismiss were in Spanish and none has bee translated into English. None of said documents should be considered by this Honorable Court.

Case:10-11246-ESL11  Doc#:71  Filed:04/01/11  Entered:04/01/11 16:20:44  Desc: Main Document    Page 3 of 3

B)    The Court's bench order allowed Debtor 10 days to submit documents related to the one required by the Court in the English language. It did not grant leave for the filing of a legal memorandum. Debtor, together with his documents in the Spanish language, proceeded to present additional argument. The parties submitted their case on March 14, 2011. None of the parties requested authorization nor the Court asked for memorandums in consideration of what transpired on the hearing date.

3-    In consideration of the aforesaid the Motion in compliance with order filed by debtor on March 28, 2011 should be stricken from the record.

**WHEREFORE**, it is hereby respectfully requested that the Motion in compliance with order filed by debtor on March 28, 2011 be stricken from the record.

**CERTIFICATE OF SERVICE**: I **hereby certify,** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to: **Debtor's Attorney Winston Vidal-Gambaro, Esq.,** PO Box 193673, San Juan, Puerto Rico 00919-3673 and the Assistant US Trustee, and all participants of CM/EMF.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 1rst day of April of 2011.

/s/ F. David Godreau-Zayas
USDC NO. 123207
LATIMER, BIAGGI, RACHID & GODREAU
PO BOX 9022512
SAN JUAN, PR 00902-2512
TEL. (787) 724-0230
FAX. (787) 724-9171

3