**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>LEONARDO PORTELA TORRES<br>    Debtor | CASE NO. 10-11246 (ESL)<br><br>CHAPTER 11 |

<u>OPINION AND ORDER</u>

There are two contested matters before this court.  The first is creditor Maria I. Blanco Garrido's (hereinafter referred to as "Blanco") request for relief of stay (Docket Nos. 25, 59 & 84). The second is Blanco's motion to dismiss the instant case for varied reasons, including Debtor's alleged failure to timely pay his post-petition domestic support obligations ("DSO") and tax obligations, the Rooker-Feldman doctrine[1] and lack of good faith (Dockets Nos. 31, 70, 74, 77, 79, 80, 90, 94 & 104).  Debtor opposed to both remedies sought by Blanco (Dockets Nos. 37, 54, 59, 75, 82, 83, 85, 86, 91, 99 & 122).  Two separate hearings were held regarding these matters: the first was held on January 25, 2011 (Dockets No. 29 & 40[2]) and the second one on March 14, 2011 (Docket No. 61).  For the reasons stated herein, this court grants Blanco's motion to dismiss the instant case under 11 U.S.C. § 1112(b)(4)(I).  Consequently, Blanco's request for lift of stay is moot.

Facts and Procedural Background

Prior to filing his bankruptcy petition, Debtor and Blanco were married and subsequently divorced in the judicial proceeding of <u>Portela Torres v. Blanco Garrido</u>, Case No. DDI2005-0748 (4003) before the Puerto Rico Court of First Instance ("CFI"), Superior Court of Bayamón.  During their marriage, Debtor and Blanco procreated three children, all of whom are currently minors. (Docket No. 25, Exhibit B, pg. 10)

After the divorce decree became final and unappealable, on May 14, 2007 the CFI issued a DSO Order upon Debtor for his three minor children in the amount of $9,388.44 per month

---

[1] Although Blanco does not cite the source of the Rooker-Feldman doctrine in any of her motions, it arises from two separate cases: <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923), and <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  In essence, the doctrine holds that federal courts should not sit in direct review of state court decisions --unless Congress has specifically authorized such relief-- and that therefore federal courts should not become a court of appeals for state court decisions.

[2] Docket No. 29 is the minute entry of that hearing; Docket No. 40 is the transcript of the same.

retroactive to April 5, 2005 (the "DSO Order", Docket No. 25, Exhibit B, pgs. 11-12).

At Blanco's request, on June 15, 2010, the CFI ordered Debtor *inter alia* to sell his property at Dorado Beach East #8 (the "Dorado Beach Property") located in Dorado, PR, to Mr. and Mrs. Horacio Campolieto within 30 days, not subject to an extension, and to appear in any private or public document required to execute the sale.  If Debtor did not comply, the CFI empowered a marshal of that Court to appear on Debtor's behalf to urgently execute the sale within 30 days. (Docket No. 62)

On November 30, 2010, Debtor filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code (Docket No. 1).  A Chapter 11 status conference was held on January 25, 2011 (Dockets Nos. 29 & 40) in which the Court expressed its concerns regarding the challenges facing an individual Chapter 11 debtor and a small business debtor.[3]

Motion for Relief of Stay

On January 21, 2011, Blanco filed a *Motion for Relief of Stay* (Docket No. 25) alleging that Debtor had not complied with his DSO, that as a result she moved the CFI for an order to sell the Dorado Beach Property in order for Debtor to comply with his DSO and that any excess of his DSO be consigned with the CFI, that the order was issued by the CFI, and that on the verge of the sale of said Property, Debtor filed the instant bankruptcy case.  Blanco alleges that Debtor's bankruptcy petition was filed in bad faith inasmuch as it constitutes a clear attempt to stay his DSO and its further execution Order by the CFI, that she is lacks adequate protection of her interests that amount to the payment of accrued child support payments and that Debtor's property is not necessary for an effective reorganization.  She also seeks super priority status under 11 U.S.C. § 507(b) and preclusion of the assessment of costs or expenses of administrations, if any, under 11 U.S.C. § 506(c).

On February 10, 2011, Debtor answered Blanco's request for relief from the automatic stay (Docket No. 37) arguing that the DSO Order in which Blanco based her motion for relief from stay

---

[3] See Docket No. 40 (transcript of the initial status conference held on January 25, 2011), where the court made reference to Sections 507(a)(1), 521(f), 523(a)(5), 1129(a)(14), 1129(a)(9)(b) and 1141(d)(5) of the Bankruptcy Code.

is pending to be reduced at his request, which was initially denied by the CFI but subsequently overturned by the Puerto Rico Court of Appeals in Case No. KLCE 200800434.[4] Debtor also affirms that the collateral property, referring specifically to the Dorado Beach Property, is necessary to his effective reorganization, that Blanco is adequately protected, and that the Property, which has sufficient equity cushion, must be sold at an adequate price to benefit all creditors.

        Motion to Dismiss

        On January 28, 2011, Blanco filed a *Motion to Dismiss* (Docket No. 31) under 11 U.S.C. § 1112(b)(4)(P) alleging that Debtor then owed more than $200,000 in child support arrears, which is sufficient cause for dismissal. In addition, Blanco argued that the Rooker-Feldman doctrine is applicable to this case because Debtor ultimately seeks to overturn a prior State Court decision in Federal Court. Blanco further averred that the bankruptcy petition was filed in bad faith, which also warrants dismissal.

        On February 22, 2011, Debtor filed his *Answer to Motion to Dismiss* (Docket No. 54) contending that the DSO Order was pending to be reviewed at his request, as ordered by the PR Court of Appeals in Case No. KLCE200800434, to take into consideration the payments in kind he is contributing towards his DSO, which he averred exceed his DSO. He also argued that the Rooker-Feldman doctrine is not applicable to this case because, since he only requested from the CFI that the DSO be reduced in consideration of said payments in kind, he has not really "lost" in the State Court and therefore is not inviting this Federal Court to review, reject or set aside the DSO Order. In sum, he alleges that his plan for reorganization includes the rent or sale or the Property at an adequate price and the sale of personal property[4], options that he contends would benefit all creditors. Thus, his bankruptcy petition was filed good faith.

        On March 14, 2011, a second hearing was held to argue Blanco's motion to dismiss. She argued that Debtor was in arrears of post-petition DSO payments[5] and reiterated the Rooker-Feldman doctrine and lack his of good faith. Debtor presented the Court with his arguments in

---

[4] Neither party sought review of that decision by the Supreme Court of Puerto Rico.
[4] Debtor also sustains that Blanco has refused to turn over his personal property.
[5] See 11 U.S.C. § 1112(b)(4)(P).

response to Blanco's contentions. No evidence was presented by any party during that hearing and on the contrary, both Debtor and Blanco proposed to the Court that if either would testify, their testimony would only consist of what they had already alleged in their respective motions.

On April 1, 2011, Blanco filed an *Addendum to [her] Motion to Dismiss* (Docket No. 70) alleging that the payment of $38,700 Debtor claimed to have made towards his DSO was actually a donation made by a relative that should not be considered as a payment towards Debtor's DSO. No legal authority was cited to support that contention. A *Second Addendum to Motion to Dismiss* was later filed on April 7, 2011 (Docket No. 74) insisting that the alleged donation cannot be considered as Debtor's payment towards his DSO and that he does not have the apparent ability to pay his DSO as evidenced by his monthly operating reports, which warrants dismissal under 11 U.S.C. § 1112.

On April 15, 2011, Debtor filed a *Motion to Strike Addendum to Motion Requesting Dismissal* (Docket No. 75) arguing that the referred donation was made to Debtor to pay his DSO by virtue of a check to the order of ASUME (the PR DSO payment instrumentality) and that his ability to pay his DSO is part of his reorganizational plan, whereby he intends to sell or rent the Dorado Property and sell some of his personal property such as valued artwork. On April 18, 2011, Blanco replied to that motion (Docker No. 77) and insisted that the donation cannot be considered a payment of Debtor toward his DSO[6].

On April 21, 2011, Blanco filed a *Motion Requesting Order* (Docket No. 79) in which she again moved for the dismissal of this case for DSO arrears pursuant to 11 U.S.C. § 1112(b)(4)(P).

On April 24, 2011, Blanco replied to *Debtor's Motion to Strike Addendum* (Docket No. 80) sustaining that Debtor had not reported the alleged donation in the corresponding Monthly Operating Report and that his actions constitute bad faith.

A few more motions were filed by Blanco requesting the dismissal of this case under 11 U.S.C. § 1112(4)(P) for Debtor's lack of post-petition DSO payments for several periods, which Debtor replied to. (Dockets No. 90, 91, 94 & 99) These motions and the documents attached thereto show that Debtor has not been paying his post-petition DSO on time.

---

[6] Again, no legal authority was cited to support that contention.

On July 26, 2011, the Puerto Rico Treasury Department ("PR Treasury") filed a *Request for the Allowance and Payment of Administrative Expenses* (Docket No. 101) informing that Debtor has not paid post-petition tax liabilities in the amount of $3,223.94 and requesting that these taxes be considered administrative expenses pursuant to 11 U.S.C. §§ 503(b) and 507. Shortly thereafter, that is, on August 4, 2011, Blanco again moved for dismissal (Docket No. 104) claiming that Debtor had not filed his monthly operating reports as of March of 2011 and that he was in arrears with his post-petition tax obligations and DSO payments. Debtor then proceeded to untimely file his Monthly Operating Reports[7] for the months of March 2011 to July 2011 all at once on September 7, 2011 (Dockets Nos. 112-116). As of today, Debtor has not filed the monthly operating reports for the months of August and September 2011.

On September 1, 2011, this Court issued an *Order to Show Cause re: Dismissal* (Docket No. 110) directing Debtor to show cause within 14 days why the case should not be dismissed for the reasons stated by Blanco in her motion to dismiss of August 14, 2011 (Docket No. 104). On September 15, 2011, Debtor filed a *Motion in Compliance with Court Order to Show Cause re: Dismissal* (Docket No. 122) sustaining that he is not in arrears of his DSO payments. Notwithstanding, Debtor acknowledged that he is in arrears in his post-petition tax obligations and that he intends to pay "opportunely in accordance with [his] plan", making reference to Dockets Nos. 118 & 119. Docket No. 122, ¶ 13, pg. 5.

Applicable Law

*Cause for Conversion or Dismissal pursuant 11 U.S.C. § 1112(b)*

11 U.S.C. § 1112(b)(1) provides as follows:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate. (Emphasis ours.)

---

[7] 11 U.S.C. § 308 imposes upon debtor in a small business, such as Debtor in the instant case, the responsibility to report periodic financial and other reports containing the information set therein. Rule 2015 of Bankruptcy Procedure also requires debtors in possession, such as Debtor in the instant case, to file a statement of any disbursements made during that quarter. PR Local Bankruptcy Rule 2015-2 requires debtors in possession to file with the court a monthly financial report due on the 20th of each subsequent month.

The Court's discretion to dismiss or convert a Chapter 11 case is limited if cause is established. See Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), 2008 Bankr. Lexis 3968, 2008 WL 4531982 (B.A.P. 1st Cir. 2008); and AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.), 360 B.R. 398, 401 (Bankr. D. N.H. 2007) ("Prior to its amendment, the statute provided that a court 'may' dismiss the case upon finding cause, but amended section 1112(b) provides that a court 'shall' dismiss if cause is found, absent unusual circumstances."). The initial burden is on the movant to argue and present evidence by a preponderance of the evidence standard to prove its position that there is cause for either conversion or dismissal of the Chapter 11 case, whichever is in the best interests of creditors and the estate. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.04[4] (16th ed. 2011). "Thus, until the movant carries this burden, the statutory direction that the court 'shall convert the case to a case under chapter 7 or dismiss the case' is not operative." Id. Once cause is found, the burden shifts to the opposing party to show why dismissal or conversion would not be in the best interests of the estate and the creditors. See In re Dr. R. Samanta Roy Institute of Science Technology Inc., 2011 US App. Lexis 12148 (3rd Cir. 2011). Once the movant establishes "cause", the burden shifts to the debtor to demonstrate by evidence the "unusual circumstances" that establish that dismissal or conversion to Chapter 7 is not in the best interests of the creditors and the estate. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶ 1112.05[1] (16th ed. 2011). The bankruptcy court retains discretion in determining whether unusual circumstances exist and whether conversion or dismissal is in the best interest of creditors and the estate. See Id.; Gilroy v. Ameriquest Mortg. Co. (In re Gilroy), 2008 Bankr. Lexis 3968 (1st Cir. B.A.P. 2008). A determination of unusual circumstances is fact intensive and contemplates facts that are not common to Chapter 11 cases. See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.05[1] (16th ed. 2011). If the Chapter 11 case is devoid of "unusual circumstances", then the bankruptcy court must apply the Section 1112(b)(2)[8] analysis to determine whether the Chapter 11 case is dismissed or converted. The

---

[8] Section 1112(b)(2) provides that:

[t]he court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that

objecting party must establish all of the factual elements stated in subparagraphs (A) and (B) of section 1112(b)(2). See Alan N. Resnick & Henry J. Sommer, 7 Collier on Bankruptcy ¶1112.05[1] (16th ed. 2011). Thus, the bankruptcy court may not convert or dismiss a case if: "(1) there is a reasonable likelihood that a plan will be confirmed within a reasonable time; (2) the 'cause' for dismissal or conversion is something other than a continuing loss or diminution of the estate coupled with a lack of reasonable likelihood of rehabilitation; and (3) there is a reasonable justification or excuse for a debtor's act or omission and the act or omission will be cured within a reasonable time." In re Orbit Petroleum, Inc., 395 B.R. 145, 148 (Bankr. D. N.M. 2008) aff'd, 421 B.R. 602 (B.A.P. 10th Cir. 2009).

Although Section 1112(b)(4) of the Bankruptcy Code fails to define what the term "cause" means, it provides a list of circumstances which constitute "cause" for conversion or dismissal. This list of causes is non-exhaustive and therefore a case may be converted or dismissed for other causes. See AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.), 360 B.R. at 401, and Tuli v. US Trustee, 124 Fed. Appx. 830, 831 (5th Cir. 2005). See also 11 U.S.C. § 1112(b)(4) (using the term "includes" before listing various reasons for dismissing a case). Section 1112(b)(4)(I) specifically establishes that "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief" constitutes cause to dismiss or convert a Chapter 11 case. Thus, failure to file a tax return or pay taxes post-petition is ground for dismissal. See In re Dr. R. C. Samanta Roy Inst. of Sci. Tech. Inc., 2011 U.S. App. LEXIS 12148 (8th Cir. 2011).

Section 1112(b)(1) requires "notice and a hearing" prior to dismissal or conversion. The phrase "notice and a hearing" is defined as "after such notice is appropriate *in the particular*

---

converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that–

    (A)    there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

    (B)    the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--

        (i)    for which there exists a reasonable justification for the act or omission; and

        (ii)    that will be cured within a reasonable period of time fixed by the court.

*circumstances*, and such opportunity for a hearing is appropriate *in the particular circumstances*" (emphasis added). 11 U.S.C. § 102(A) See also Yehyd-Monosson USA, Inc. v. Fokkena (In re Yehyd-Monosson USA, Inc.), 2011 Bankr. LEXIS 3725 (8th Cir. 2011) (no evidentiary hearing was required under 11 U.S.C. § 1112 when the Court's decision is supported in a Debtor's admission of a fact), In re De Jounghe, 334 B.R. 760, 766 (1st Cir. B.A.P. 2005) ("a full evidentiary [hearing] is not required, so long as the parties had a fair opportunity to offer relevant facts and arguments to the court and to confront their adversaries' submissions"), and In re C-TC 9th Ave. Partnership, 113 F. 3d 1304, 1312 (2nd Cir. 1997) (an evidentiary hearing was not necessary when "the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss a Chapter 11 case for cause …"). Even when a non-evidentiary hearing is conducted under 11 U.S.C. § 1112(b), "failure to offer evidence at the hearing may constitute a waiver by the debtors." In re De Jounghe, 334 B.R. at 766 citing In re City Stores Co., 42 B.R. 685, 689 (S.D.N.Y. 1984).

After the moving party establishes that there is cause to dismiss or convert the case to Chapter 7, the court must choose between dismissal or conversion, "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). The standard for choosing between conversion or dismissal based on "the best interest of creditors and the estate" implies application of a balancing test by the bankruptcy court. See In re De Jounghe, 334 B.R. at 770, and In re Staff Inv. Co., 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992). The legislative history shows that Congress intended to invest the bankruptcy court with "wide discretion … to make an appropriate disposition of the case" and "to consider other factors as they arise, and use its equitable powers to reach an appropriate result in individual cases." In re De Jounghe, 334 B.R. at 770, citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 406, reprinted in 1978 U.S.C.C.A.N. 5963, 6361-62.

Discussion

In the instant case, this court finds that the Debtor failed to timely pay his post-petition taxes. The finding is based upon the PR Treasury's *Request for the Allowance and Payment of*

*Administrative Expenses* (Docket No. 101)[9], Blanco's *Supplement Motion to Dismiss* (Docket No. 104), the *Order to Show Cause re: Dismissal* (Docket No. 110) and Debtor's own admission in his *Motion in Compliance with Court Order to Show Cause re: Dismissal* (Docket No. 122, pgs. 4-5, ¶ 13: "As for the assessment of the 2011 Special Contribution over the property on the amount of $1,861.06, the total amount will be paid opportunely in accordance with Debtor's plan.")

Thus, this court concludes that there is sufficient cause to dismiss the instant case pursuant to 11 U.S.C. 1112(b)(4)(I).

Due to Debtor's own admission, no evidentiary hearing is necessary, especially since he did not request one after the tax controversy was raised by the PR Treasury and Blanco.[10] See Yehyd-Monosson USA, Inc. v. Fokkena (In re Yehyd-Monosson USA, Inc.), 2011 Bankr. LEXIS 3725 (8th Cir. 2011), In re De Jounghe, 334 B.R. at 766, and In re C-TC 9th Ave. Partnership, 113 F. 3d at 1312. Moreover, the court in its *Order to Show Cause Re: Dismissal* (Docket No. 110) afforded the Debtor the opportunity to contest the allegations that he was not paying all post petition taxes. Counterwise, he admitted owing the same.

The next phase of the analysis the court must engage in is whether Debtor has demonstrated that there are "unusual circumstances" that establish that the dismissal or conversion is not in the best interests of the creditors and the estate. The court finds that the Debtor has not demonstrated nor alleged "unusual circumstances" in the instant case. The court also concludes that Debtor has not addressed the requirements under Section 1112(b)(2)(A) and (B). Thus the Debtor has not established all of the factual elements in conformity with this section. Debtor has failed to allege, and much less meet his burden, that there are unusual circumstances showing that conversion or dismissal is not in the best interest of the estate and creditors.

Based on the foregoing, and considering the totality of the circumstances, this court concludes that dismissal is warranted and mandated pursuant to 11 U.S.C. § 1112(b)(4), which

[9] Said *Request* was unopposed by the parties.

[10] Two hearings were conducted and in both Blanco's motions to dismiss were argued on different grounds, none including the post-petition tax arrears. It is after the PR Treasury's *Request for the Allowance and Payment of Administrative Expenses* (Docket No. 101) that Blanco requested for the first time dismissal under 11 U.S.C. § 1112(b)(4)(I) (Docket No. 104).

moots all other pending matters, including Adversary Proceeding No. 11-00059.

Conclusion

In view of the foregoing, the court finds that there is sufficient cause to dismiss this case pursuant to 11 U.S.C. §1112(b)(4)(I); and there being no unusual circumstances under 11 U.S.C. §1112(b)(2)(A) and (B), the case is hereby dismissed. Upon the dismissal of the bankruptcy petition, all pending adversary proceedings shall also be dismissed.

Judgment shall be entered accordingly.

SO ORDERED.

In San Juan, Puerto Rico, this 21st day of October, 2011.

Enrique S. Lamoutte
United States Bankruptcy Court